FILED
CLERK
11/26/2012 2:29 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
VILIMAA TRAHAN,

                Plaintiff,

                               ORDER
    -against-                 12-CV-4353(JS)(ARL)

SUFFOLK COUNTY CORRECTIONAL FACILITY,
C.O. PHIL CAPOZZOLA, #1311, SGT. HORL,
#5220, SHERIFF VINCENT DEMARCO,
C.O. CHRISTOPHER GARZADAS, #1170,

                Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:       Vilimaa Trahan, Pro Se
                    651405
                    Suffolk County Correctional Facility
                    110 Center Drive
                    Riverhead, New York 11901

For Defendants:     No Appearances

SEYBERT, District Judge:

        On August 27, 2012, incarcerated pro se plaintiff Vilimaa Trahan ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 against the defendants, Suffolk County Correctional Facility, C.O. Phil Capozzola, #1311, Sgt. Horl, #5220, Sheriff Vincent DeMarco and C.O. Christopher Garzadas, #1170 (together, the "Defendants") accompanied by an application to proceed in forma pauperis and an application for the appointment of pro bono counsel.[1]

---

[1] The Court notes that Plaintiff did not file the required Prisoner Authorization form at the time he filed the Complaint. By letter dated August 30, 2012, Plaintiff was advised that he needed to complete and return a Prisoner Authorization form if he wanted to proceed with his case. Plaintiff did so on September 7, 2012.

Upon review of Plaintiff's declaration in support of the application, the Court finds that Plaintiff's financial status qualifies him to file this action without prepayment of the filing fee. Accordingly, the application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> is granted. However, for the reasons that follow, the Complaint is <u>sua</u> <u>sponte</u> dismissed against Sheriff DeMarco and the Suffolk County Correctional Facility pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The application for the appointment of <u>pro</u> <u>bono</u> counsel is denied at this time.

BACKGROUND

Plaintiff's brief handwritten Complaint submitted on the Court's civil rights complaint form alleges that he was beaten by C.O. Phil Capozzola and unidentified "S.E.R.T. Officers" on May 9, 2012 and on July 17, 2012. (Compl. at ¶ IV.) Plaintiff claims that Sgt. Horl participated in the July 17th beating. (<u>Id.</u>) Plaintiff also claims that, on August 18, 2012, C.O. Christopher Garzagas "used excessive force" in that he "punch[ed] me 10 times in my face after I was sprayed with pepper spray. . . ." (<u>Id.</u>)

As a result of these assaults, Plaintiff claims to suffer migraine headaches, has an injury to his eye, has a sprained left leg and damaged nerves in his wrists, as well as abrasions and a swollen face. Plaintiff describes that he "went to Peconic Bay Outside Hospital" following the May and July beatings where he was treated. According to the Plaintiff, he was treated by "medical"

for injuries he allegedly sustained from the August beating. (Compl. at ¶ IV. A. and attachments thereto.) Plaintiff seeks to recover two (2) million dollars in compensatory and punitive damages. (Compl. at ¶ V).

## DISCUSSION

I.  **In Forma Pauperis Application**

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court determines that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is granted.

II.  **Application of 28 U.S.C. § 1915**

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i-iii); 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See Id.

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). Moreover, at the pleadings stage of the

proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citations omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. at 1955).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law

4

and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)). Section 1983 does not create a substantive right; rather, to recover, a plaintiff must establish the deprivation of a separate, federal right. See Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

In addition, in order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010). The Supreme Court held in Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009) that "[b]ecause vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id. Thus, a plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity must sufficiently plead that the supervisor was personally involved in the constitutional deprivation. Rivera v. Fischer, 655 F. Supp. 2d 235, 237 (W.D.N.Y. 2009). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. See Johnson v. Barney, 360 F. Appx. 199 (2d Cir. Jan. 12, 2010). With these

standards in mind, the Court considers the Plaintiff's claims.

    A.   <u>Claims Against Sheriff DeMarco</u>

Although Plaintiff names Sheriff DeMarco as a defendant, Plaintiff does not include any allegations of conduct attributable to him of them and, in fact, he is not even mentioned in the body of the Complaint.  Thus, it appears Plaintiff seeks to hold this Defendant liable solely because of the supervisory positions he holds.  As set forth above, a plausible Section 1983 claim must allege the personal involvement of the defendant in the alleged constitutional violation.  <u>See</u> <u>supra</u> at 5.  Similarly, a plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity must sufficiently plead that the supervisor was personally involved in the constitutional deprivation.  <u>Rivera v. Fischer</u>, 655 F. Supp. 2d at 237; <u>see also</u> <u>Warren v. Goord</u>, 476 F. Supp. 2d 407, 413 (S.D.N.Y 2007), <u>aff'd.</u>, 368 F. App'x 161 (2d Cir. 2010) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'") (quoting <u>Colon v. Coughlin</u>, 58 F.3d 865, 873 (2d Cir. 1995)).  A supervisor cannot be liable for damage under Section 1983 solely by virtue of being a supervisor because there is no <u>respondeat</u> <u>superior</u> liability under Section 1983.  <u>Richardson v. Goord</u>, 347 F.3d 431, 435 (2d Cir. 2003).

Here, Plaintiff's Complaint does not include any factual

allegations sufficient to demonstrate any personal involvement by Defendant DeMarco. Accordingly, the Section 1983 claims asserted against his are not plausible and are dismissed pursuant to 28 U.S.C. ¶¶ 1915(e)(2)(B) and 1915A.

  B. <u>Claims Against the Suffolk County Correctional Facility</u>

    Though Plaintiff names the Suffolk County Correctional Facility as a defendant, it does not have an independent legal identity apart from Suffolk County and, thus, lacks the legal capacity to be sued. "[U]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued." <u>Davis v. Lynbrook Police Dep't</u>, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002); <u>see also</u> <u>In re Dayton</u>, 786 F. Supp. 2d 809, 818 (S.D.N.Y. 2011); <u>Hawkins v. Nassau Cnty. Corr. Facility</u>, 781 F. Supp. 2d 107, 109 at n. 1 (E.D.N.Y. 2011).

    Here, because the Suffolk County Correctional Facility is an administrative arm of Suffolk County, without an independent legal identity, it lacks the capacity to be sued. Accordingly, Plaintiff's Section 1983 claim against the Suffolk County Correctional Facility is not plausible and is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

  C. <u>Claims Against C.O. Capozzola, Sgt. Horl and C.O. Garzadas</u>

    Plaintiff's excessive force claims against C.O. Capozzola, Sgt. Horl and C.O. Garzadas shall proceed. In

accordance with the Second Circuit's guidance that "'sua sponte dismissal of pro se prisoner petitions which contain nonfrivolous claims without requiring service upon respondents or granting leave to amend is disfavored by this Court'" McEachin v. McGuinnis, 357 F.3d 197, 200-01 (2d Cir. 2004) (quoting Moorish Sci. Temple of Am. Inc. v. Smith, 693 F. 2d 987, 990 (2d Cir. 1982) (citations omitted)), the Court declines to dismiss the excessive force claims against these Defendants at this early stage in the proceedings. Recognizing that the incarcerated pro se Plaintiff has "limited legal knowledge and resources . . . which may hamper [his] ability to articulate potentially valid claims in legally cognizable language", McEachin, 357 F.3d at 201, the Court is of the mind that sua sponte dismissal is unwarranted here prior to service of process.  See McEachin, 357 F.3d at 200, citing Benitez v. Wolff, 907 F.2d 1293, 1295 (2d Cir. 1990) (per curiam) ("Sua sponte dismissal of a pro se complaint prior to service of process is a draconian device, which is warranted only when the complaint lacks an arguable basis either in law or fact.").

Accordingly, the Clerk of the Clerk of the Court shall forward copies of the Summonses, the Complaint, and this Order to the United States Marshals Service for service upon Defendants Capozzola, Horl and Garzadas forthwith.

IV. The Application for the Appointment of Pro Bono Counsel

Unlike criminal defendants, civil litigants do not have a constitutional right to the appointment of counsel.  However, pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an

8

attorney to represent any person unable to afford counsel." In deciding a motion for appointment of counsel, "the district judge should first determine whether the indigent's position seems likely to be of substance." Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 986, 112 S. Ct. 596, 116 L. Ed. 2d 620 (1991). A position is likely to be of substance if it appears to the court that the plaintiff "appears to have some chance of success . . . ." Hodge, 802 F.2d at 61. Where a plaintiff satisfies this threshold requirement, the Second Circuit instructs that

> the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hodge, 802 F.2d at 61-62. These factors are not restrictive and "[e]ach case must be decided on its own facts." Id. at 61.

Here, Plaintiff alleges that he was beaten by the individual Defendants on three occasions, in violation of his right to be free from the use excessive force pursuant to 42 U.S.C. § 1983. Notwithstanding the requirement that pleadings drafted by a pro se litigant, such as Plaintiff, are to be construed liberally and interpreted to raise the strongest arguments they suggest, see Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994), the Court, upon

9

careful review of the Complaint and the facts presented therein and in light of the factors required by law as discussed above, finds that the appointment of counsel is not warranted at this time. Even assuming that Hodge's threshold requirement is satisfied, the record reflects that the legal issues presented are not unduly complex and that Plaintiff can adequately prosecute his claim pro se. Based on this review, Plaintiff's motion for appointment of pro bono counsel is denied without prejudice and with leave to renew when the case is ready for trial, if warranted. It is Plaintiff's responsibility to retain an attorney or press forward with this lawsuit pro se. See 28 U.S.C. § 1654.

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is granted, but the Complaint is sua sponte dismissed as against the Suffolk County Correctional Facility and Sheriff DeMarco pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b). The claims against Defendants Capozzola, Horl and Garzadas shall proceed and the Clerk of the Court is directed to forward copies of the Summonses, the Complaint and this Order to the United States Marshals Service for service upon Defendants Capozzola, Horl and Garzadas forthwith. The application for the appointment of pro bono counsel is denied with leave to renew when this case is ready for trial, if so warranted at that time.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3)

that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:     November   26  , 2012
           Central Islip, New York