FILED
CLERK
9/27/2017 2:38 pm
For Online Publication Only
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
VILIMAA TRAHAN,

        Plaintiff,

   -against-

C.O. PHIL CAPOZZOLA, SGT. HORL, and
C.O. CHRISTOPHER GARZADAS,,

        Defendants.
----------------------------------------------------------------X

**ORDER**

12-cv-4353 (JMA) (ARL)

**AZRACK, United States District Judge:**

    Before the Court are pro se plaintiff Vilimaa Trahan's objections to Magistrate Judge Arlene R. Lindsay's Report and Recommendation dated June 26, 2017 (the "R&R").

    In his complaint, plaintiff advances claims premised on three separate incidents in which he alleges that the defendant corrections officers subjected him to excessive force. After the close of discovery, defendants move for summary judgment on all three claims. Judge Lindsay recommends denying defendants' motion for summary judgment with respect to two of the claims, finding there to be a genuine dispute of material fact with regard to whether plaintiff exhausted his administrative remedies as required by the Prison Litigation Reform Act. Judge Lindsay recommends granting defendants' motion with respect to the third claim, finding that the undisputed record establishes that plaintiff has not exhausted the available administrative remedies with respect to the claim arising from that incident.

    The Court assumes familiarity with the facts, which are referenced only as necessary to explain the Court's decision.

## I. STANDARD OF REVIEW

Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1); see also Brown v. Ebert, No. 05–CV–5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A court conducting de novo review of an R&R may, of course, "receive further evidence" See 28 U.S.C. § 636(b)(1)(C). A party, however, has no right to present such further evidence "when it offers no justification for not offering the" evidence earlier. Paddington Partners v. Bouchard, 34 F.3d 1132, 1137-38 (2d Cir. 1994).

## II. DISCUSSION

Because defendants have not objected to Judge Lindsay's recommendation that summary judgment be denied with respect to the claims arising from the incidents on May 9, 2012, and July 17, 2012, the Court reviews that recommendation for clear error. Judge Lindsay's recommendations with respect to those incidents are supported by a thorough and well-reasoned analysis, and the Court therefore adopts those recommendations.

Plaintiff submits—ostensibly as an "objection" to the recommendation that summary judgment be granted with respect to the August 18, 2012, incident—a sworn statement indicating, for the first time, that he submitted a grievance form on August 19, 2012, and that the "Correction Officer that was working on [that day] either threw the grievance away or simply destroyed it."

(Pl's Obj. ¶ 2, ECF No. 52.) Plaintiff provides no explanation for his failure to present any evidence or testimony concerning the date on which he allegedly submitted this grievance until now. The Court therefore will not consider this new evidence. Although plaintiff's "objection" to the R&R appears to consist solely of this newly proffered evidence, the Court nevertheless engages in a de novo review of the defendants' motion for summary judgment with respect to the August 18, 2012, incident.

The only argument that defendants advanced at summary judgment was that plaintiff had failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act. The relevant inquiry is thus whether plaintiff exhausted the administrative remedies that were "actually available" to him. See Williams v. Corr. Officer Priatno, 829 F.3d 118, 122 (2d Cir. 2016) (citing Ross v. Blake, 136 S. Ct. 1850, 1858–59 (2016). Although an administrative remedy might technically exist, it is not "actually available" where (1) it "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) the administrative scheme is "so opaque that it becomes, practically speaking, incapable of use;" and (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Ross, 136 S. Ct. 1859–60.

With respect to the incident on August 18, 2012, the record before Judge Lindsay included only plaintiff's testimony that he handed a grievance form to an unidentified corrections officer at an unspecified time. There was no evidence that he did so within the time limits required by the Suffolk County Correctional Facility's grievance procedure, and there was no evidence that the administrative remedy was unavailable to him under the standards set out above. Thus, there exist no genuine issues of material fact with respect to plaintiff's failure to exhaust the available administrative remedies, and defendants are entitled to summary judgment on this claim.

The Court therefore adopts Judge Lindsay's R&R in its entirety. Defendants' motion for summary judgment is denied with respect to the incidents on May 9, 2012, and July 17, 2012, and is granted with respect to the incident on August 18, 2012.

**SO ORDERED.**

Date: September 27, 2017
Central Islip, New York

                                                                                 /s/ (JMA)
                                                                         Joan M. Azrack
                                                                         United States District Judge